Case No. 21-13663

# In the United States Court of Appeals for the Eleventh Circuit

JARROD JOHNSON,
individually, and on behalf of
a class of persons similarly situated,

*Plaintiff-Appellee,*

v.

THE CITY OF DALTON, GEORGIA, acting through its
Board of Water, Light and Sinking Fund Commissioners,
d/b/a DALTON UTILITIES,

*Defendant-Appellant.*

On Appeal from the United States District Court
for the Northern District of Georgia, Rome Division
Civil Action No. 4:20-cv-0008-AT

## MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION

Hirlye "Ryan" Lutz, III
F. Jerome Tapley
Cory Watson, P.C.
2131 Magnolia Avenue South
Birmingham, AL 35203
rlutz@corywatson.com
jtapley@corywatson.com
(205) 328-2200

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Fed. R. Civ. P. 26.1 and 11th Cir. Rule 26.1, Plaintiff-Appellee

states that the following have an interest in the outcome of this case:

1.  Johnson, Jarrod
2.  The City of Dalton, Georgia, acting through its Board of Water, Light and Sinking Fund Commissioners, d/b/a Dalton Utilities
3.  Aladdin Manufacturing Corporation
4.  Americhem, Inc.
5.  Arrowstar, LLC
6.  Chem-Tech Finishers, Inc.
7.  Color Express, Inc.
8.  Columbia Recycling Corp.
9.  Cycle Tex, Inc.
10. Daikin America, Inc.
11. Dalton-Whitfield Solid Waste Authority
12. Dystar, LP
13. E.I. du Pont de Nemours and Company
14. Engineered Floors, LLC
15. Fibro Chem, LLC
16. IMACC Corporation
17. INV Performance Surfaces, LLC
18. MFG Chemical, Inc.
19. Milliken & Company
20. Mohawk Carpet, LLC
21. Mohawk Industries, Inc.
22. Oriental Weavers USA, Inc.
23. Polyventive, LLC
24. PSG-Functional Materials, LLC d/b/a/ Peach State Labs
25. Secoa Technology, LLC
26. Shaw Industries Group, Inc.
27. Shaw Industries, Inc.
28. Tarkett USA, Inc.
29. The Chemours Company
30. The Dixie Group, Inc.
31. The Honorable Amy Totenberg, United States District Court Judge for the Northern District of Georgia

32.　Gonzalez, Carlos A., Special Master
33.　Davis & Whitlock, P.C.
34.　Cory Watson, P.C.
35.　The Stone Law Group – Trial Lawyers, LLC
36.　Troutman Pepper Hamilton Sanders LLP
37.　Swift Currie McGhee & Hiers, LLP
38.　Miller & Martin, PLLC
39.　Lewis Brisbois Bisgaard & Smith LLP
40.　Alston & Bird, LLP
41.　Baker Hostetler, LLP
42.　Mayer Brown LLP
43.　Carroll & Weiss, LLP
44.　Jones Walker, LLP
45.　Moseley Marcinak Law Group, LLP
46.　Morris & Dean, LLC
47.　Coppedge, Michmerhuizen & Rayburn
48.　Rogers & Hardin, LLP
49.　Hunton Andrews Kurth LLP
50.　Bryan Cave Leighton Paisner LLP
51.　Parker Poe Adams & Bernstein, LLP
52.　Miller & Martin, PLLC
53.　Lightfoot Franklin & White, LLC
54.　Maynard Cooper & Gale, P.C.
55.　Scott Dukes & Geisler, P.C.
56.　Jones Day
57.　Balch & Bingham LLP
58.　Earth and Water Law, LLC
59.　Arnall Golden Gregory LLP
60.　Grant Konvalinka & Harrison, P.C.
61.　Calfee Halter & Griswold LLP
62.　Burr & Forman LLP
63.　Husch Blackwell LLP
64.　Goodman McGuffey, LLP
65.　McCamy Phillips Tuggle & Fordham, LLP
66.　JB NSD, Inc.
67.　Womble Bond Dickinson (US) LLP
68.　Sponcler and Tharpe, LLC
69.　Wooden Law Firm, PC

# **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS ......................................................... i

TABLE OF AUTHORITIES ..................................................................................... iv

PRELIMINARY STATEMENT ................................................................................1

STATEMENT OF FACTS .........................................................................................2

ARGUMENT ..............................................................................................................4

    A.    The district court's order is not "effectively unreviewable on appeal from a final judgment." ........................................................................5

    B.    The issue of Dalton Utilities' claimed immunity is inseparable from the merits of Plaintiff's nuisance claim..............................................10

    C.    Dalton Utilities fails to establish application of the collateral order doctrine...............................................................................................11

CONCLUSION.........................................................................................................13

# TABLE OF AUTHORITIES

## Cases

*Bd. of Comm'rs of Lowndes Cty. v. Mayor & Council of City of Valdosta*,
848 S.E.2d 857 (Ga. 2020) ......................................................................................7

*City of Bowman v. Gunnells*, 256 S.E.2d 782 (Ga. 1979) .........................................3

*City of Savannah v. Palmerio*, 249 S.E.2d 224 (Ga. 1978) .....................................10

*City of Thomasville v. Shank*, 437 S.E.2d 306 (Ga. 1993) ......................................10

*Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949).......... 4, 5, 6, 9, 11

C*ommuter Transp. Sys., Inc. v. Hillsborough Cty. Aviation Auth.*,
801 F.2d 1286 (11th Cir. 1986) .............................................................................12

*Crowder v. Department of State Parks*, 185 S.E.2d 908 (Ga. 1971)........................6

*CSX Transp., Inc. v. Kissimmee Util. Auth.*,
153 F.3d 1283 (11th Cir. 1998) ........................................................................5, 11

*Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863 (1992) ..................6

*Diverse Power, Inc. v. City of LaGrange, Georgia*,
934 F.3d 1270 (11th Cir. 2019) .............................................................................12

*Ga. Dept. of Nat. Resources v. Center for a Sustainable Coast, Inc.*,
755 S.E.2d 184 (Ga. 2014) ......................................................................................7

*Gatto v. City of Statesboro*, 860 S.E.2d 713 (Ga. 2021).................................. 7, 8, 10

*Griesel v. Hamlin,* 963 F.2d 338 (11th Cir. 1992)...................................... 4, 6, 8, 12

*Jones v. Fransen,* 857 F.3d 843 (11th Cir. 2017) ......................................................4

*Midland Asphalt Corp.*, 489 U.S. 749 (1989).........................................................6, 9

*Parker v. Am. Traffic Sols., Inc*., 835 F.3d 1363 (11th Cir. 2016) .........................12

*Pullman Constr. Indus., Inc. v. United States*,23 F.3d 1166 (7th Cir. 1994) ............6

*Sikes v. Candler County*, 274 S.E.2d 464 (Ga. 1981)................................................6

*SmileDirectClub, LLC v. Battle*, 4 F.4th 1274 (11th Cir. 2021)............... 5, 6, 10, 12

*White v. Mesa*, 817 F. App'x 739 (11th Cir. 2020).............................................9, 11

iv

## Statutes

28 U.S.C. § 1291 .................................................................................................4, 13

O.C.G.A. § 36-33-1..................................................................................................8

O.C.G.A. § 36-65-2................................................................................................12

## Rules

FED. R. APP. P. 27.....................................................................................................1

## Constitutional Provisions

GA. CONST. of 1983, Art. I ........................................................................................8

GA. CONST. of 1983, Art. IX.......................................................................................8

## PRELIMINARY STATEMENT

Pursuant to FED. R. APP. P. 27(a)(1), Plaintiff-Appellee Jarrod Johnson, by and through his undersigned counsel, respectfully moves to dismiss Defendant-Appellant, The City of Dalton, Georgia, acting through its Board of Water, Light and Sinking Fund Commissioners, d/b/a Dalton Utilities ("Dalton Utilities")'s appeal of the district court's Order denying its motion to dismiss Plaintiff's nuisance claim on sovereign immunity grounds. *See* Order, Exhibit 1, Doc. 629, at 84-92.

The district court also denied Dalton Utilities' motion to dismiss Plaintiff's claims pursuant to the citizen suit provision of the federal Clean Water Act ("CWA"), 33 U.S.C. § 1365(a)(1), based on the illegal discharges of per- and polyfluoroalkyl substances ("PFAS") from Dalton Utilities' Land Application System into the Conasauga River and its tributaries—the same facts giving rise to the nuisance claim. *See id.* at 20-54. Dalton Utilities did not, and could not, claim immunity from suit under the CWA and is not appealing that part of the Order.

Contrary to Dalton Utilities' contention in its Notice of Appeal, the collateral order doctrine does not apply here to permit an immediate appeal of the district court's non-final order denying dismissal of Plaintiff's nuisance abatement claim. Therefore, this Court lacks jurisdiction under 28 U.S.C. § 1291 over the appeal.

1

## STATEMENT OF FACTS

This appeal arises from Plaintiff's individual and putative class action concerning the unlawful contamination of the Upper Coosa River Basin and the City of Rome, Georgia's domestic water supply with toxic per- and polyfluoroalkyl substances ("PFAS"). Plaintiff alleges that Defendants, including Dalton Utilities, have caused and contributed to the discharge and proliferation of these chemicals into Georgia waters, including Rome's drinking water.

In addition to one count under the CWA, Plaintiff's Third Amended Complaint included two counts against Dalton Utilities: Public Nuisance; and Abatement and Injunction of Public Nuisance, seeking injunctive relief. Doc. 418, ¶¶ 105-133, 172-188. Plaintiff made it clear that he was only seeking injunctive relief against Dalton Utilities. *See* Response to Dalton Utilities' Motion to Dismiss, Doc. 511, at 32. Dalton Utilities moved to dismiss all claims, arguing, among other things, that Plaintiff's nuisance claims were barred by sovereign immunity. Doc. 474, at 35-37.

The district court resolved Dalton Utilities' motion in its September 20, 2021 Order, finding that sovereign immunity did not bar Plaintiff's claim for abatement of public nuisance. Ex. 1, Doc. 629, at 2, 84-92. So doing, the district court traced a long line of Georgia caselaw, now preserved by the Georgia Constitution, that

2

"allows for a nuisance claim against a municipality [either] for injury to property (or the use and enjoyment thereof) or for personal injury." *Id*. at 89.

The district court further considered three guidelines required for municipal nuisance liability: (1) "'the defect or degree of misfeasance must be to such a degree as would exceed the concept of mere negligence'"; (2) "'the act must be of some duration'"; and (3) "'the municipality failed to act 'within a reasonable time after knowledge of the defect or dangerous condition.'" *Id*. at 90 (cleaned up) (quoting *City of Bowman v. Gunnells*, 256 S.E.2d 782, 784 (Ga. 1979)). Applying this to Plaintiff's case, the district court found Dalton Utilities did not enjoy immunity for the nuisance alleged:

> namely, performing the 'continuous or regularly repetitious act' of discharging PFAS into the Conasauga River for years, with full knowledge and awareness of its consequences, and failing to act to remedy this dangerous condition. Plaintiff alleges that Dalton Utilities has
>
>> Since as early as 2006, and every day since at least June of 2015, discharged PFAS from the LAS into the Conasauga River and its tributaries, and has also discharged raw sewage containing PFAS and that Dalton Utilities has long known of these dangerous discharges of toxic chemicals, yet has taken no action whatsoever to address them but instead has continued to operate and maintain the Dalton POTW and the LAS in a manner where PFAS cannot be treated or removed, allowing these illegal discharges to be continuous and ongoing.
>
> Accordingly, as alleged, the degree of misfeasance exceeds mere negligence, the duration alleged spans more than a decade, and Dalton Utilities failed to act even though it had knowledge of the dangers of its

3

discharge of PFAS. These allegations meet the requirements for Plaintiff to state a nuisance claim against Dalton Utilities.

Ex. 1, Doc. 629, at 90 (quoting Doc. 418, ¶ 175).

The district court also denied Dalton Utilities' motion to dismiss Plaintiff's claims under the CWA, and those claims, though not appealed, remain pending alongside Plaintiff's abatement claim and concern the same underlying facts. Ex. 1, Doc. 629, at 2, 20-53. Even so, Dalton Utilities now seeks to appeal the district court's ruling on Plaintiff's abatement claim under the collateral order doctrine. Doc. 650.

## ARGUMENT

Dalton Utilities' appeal of the district court's non-final order should be dismissed because the collateral order doctrine is inapplicable. Specifically, Dalton Utilities' attempted appeal does not meet the requisite criteria set out in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949), and Eleventh Circuit precedent.

Courts of Appeals generally only have jurisdiction over appeals from final orders of the district courts under 28 U.S.C. § 1291, *see, e.g., Griesel v. Hamlin,* 963 F.2d 338, 339-340 (11th Cir. 1992). An order denying a motion to dismiss is not a final order. *See, e.g., Jones v. Fransen,* 857 F.3d 843, 849-50 (11th Cir. 2017). Federal law determines the appealability of the district court's order denying Dalton Utilities' motion to dismiss on sovereign immunity grounds, while state law governs

4

the substantive question of whether Dalton Utilities is entitled to immunity from liability to abate a nuisance. *See, e.g., Griesel,* 963 F.2d at 340.

The collateral order doctrine provides a "narrow exception," or "practical construction," of this rule for a "small class of non-final orders." *SmileDirectClub, LLC v. Battle*, 4 F.4th 1274, 1278 (11th Cir. 2021) (quotations omitted). First recognized in *Cohen*, 337 U.S. at 546, the collateral order doctrine provides for an immediate appeal of a non-final order if three conditions are met:  The "order (1) must conclusively determine the disputed question; (2) must resolve an important issue completely separate from the merits of the action; and (3) be effectively unreviewable on appeal from a final judgment." *SmileDirectClub*, 4 F.4th at 1278.

Neither the second nor third *Cohen* factors are satisfied here.

## A.    The district court's order is not "effectively unreviewable on appeal from a final judgment."

With respect to the third *Cohen* factor, district court orders denying immunity from suit—as opposed to immunity from liability only—are deemed to be effectively unreviewable on appeal from a final judgment, because immunity from suit grants the defendant "a right not to be tried, which must be vindicated promptly." *CSX Transp., Inc. v. Kissimmee Util. Auth.*, 153 F.3d 1283, 1286 (11th Cir. 1998). But not all governmental immunities involve immunity from suit:

> Sometimes the word immunity connotes a right not to be tried, which must be vindicated promptly. Sometimes the word means only a right

5

> to prevail at trial—a right to win, indistinguishable from all the other reasons why a party may not have to pay damages.

*Id.* at 1286 (quoting *Pullman Constr. Indus., Inc. v. United States*, 23 F.3d 1166, 1169 (7th Cir. 1994)) (holding that an order denying sovereign immunity under Florida law is not immediately appealable because Florida sovereign immunity is from liability only). "Confusing the two [kinds of immunities] undermines the final decision requirement." *Id*.

Importantly, federal courts must "view claims of a right not to be tried with skepticism, if not a jaundiced eye," because "virtually every right that could be enforced appropriately by pretrial dismissal might loosely be described as conferring a right not to stand trial." *SmileDirectClub*, 4 F.4th at 1281 (quoting *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 873 (1992)) (cleaned up). Therefore, "[a] right not to be tried in the sense relevant to the *Cohen* exception rests upon an explicit statutory or constitutional guarantee that trial will not occur. . . ." *Midland Asphalt Corp.*, 489 U.S. 749, 801 (1989).

In *Griesel v. Hamlin*, this Court held that an order denying a state official immunity is immediately appealable because Georgia law expressly recognizes that "a suit cannot be maintained against the State without its consent." 963 F.2d at 340 (quoting *Crowder v. Department of State Parks*, 185 S.E.2d 908, 910 (Ga. 1971) and *Sikes v. Candler County*, 274 S.E.2d 464, 466 (Ga. 1981)). But unlike in *Griesel*, this appeal involves municipal immunity, which both has a distinct legal pedigree

6

under Georgia law and has no application whatsoever—whether from suit or liability—to nuisance claims.

Originating under the common law, Georgia's doctrine of sovereign immunity received constitutional status in 1974. *See, e.g., Gatto v. City of Statesboro*, 860 S.E.2d 713, 716 (Ga. 2021); *Bd. of Comm'rs of Lowndes Cty. v. Mayor & Council of City of Valdosta*, 848 S.E.2d 857, 859 (Ga. 2020) ("the sovereign immunity preserved by the 1974 amendment and the common law doctrine as previously understood by Georgia courts were one and the same and could not be modified by [the Georgia Supreme] Court"). And under the common law (as incorporated into the state constitution), municipalities never enjoyed immunity—from either suit or liability—for creating or maintaining a nuisance injurious to life, health, or property. *Gatto*, 860 S.E.2d at 717.

The Georgia Supreme Court recently explained that municipalities' nuisance liability is not an "exception" to the immunity they otherwise possess. *Id*. It is, "'instead, a proper recognition that the Constitution itself requires just compensation for takings and cannot, therefore, be understood to afford immunity' for such conduct." *Id*. (quoting *Ga. Dept. of Nat. Resources v. Center for a Sustainable Coast, Inc.*, 755 S.E.2d 184 (Ga. 2014)). As such, there is no question as to whether Dalton Utilities' "immunity" to Plaintiff's nuisance claim is from suit or liability because the Georgia Constitution affords neither.

7

Even if Georgia municipalities enjoyed a form of immunity in nuisance, it could only be from liability. Indeed, if municipal immunity in the nuisance context functioned as an immunity from suit, all nuisance claims against municipalities would be effectively barred, eviscerating long-established principles of Georgia law.

The distinct constitutional and statutory bases for municipal immunity under Georgia law (as compared to state sovereign immunity) demonstrate this further. For its part, the Georgia Constitution plainly affords the state immunity from suit, without giving this express form of immunity to municipalities. *Compare* GA. CONST. of 1983, Art. I, § II, ¶ IX (providing that "[t]he General Assembly may waive the state's <u>sovereign immunity from suit</u>") (emphasis added) *with id.*, Art. IX, § II, ¶ IX (providing that "[t]he General Assembly may waive the immunity of counties, municipalities, and school districts by law"); *see also Gatto*, 860 S.E.2d at 716, n. 3 ("we have held squarely that the current version of Article I, Section II, Paragraph IX does not apply to municipalities").

Conversely, O.C.G.A. § 36-33-1, providing the general statutory basis for municipal immunity, makes it clear that any municipal immunity is from liability only. It "declares it is the public policy of the State of Georgia that there is no waiver of the sovereign immunity of municipal corporations of the state and such municipal corporations <u>shall be immune from liability for damages</u>." *Id*. (emphasis added). This is plainly distinct from language indicating immunity from suit. *See Griesel*,

8

963 F.2d at 340 (state sovereign immunity under Georgia law provides for immunity from suit because "a suit cannot be maintained against the State without its consent"); *White v. Mesa*, 817 F. App'x 739, 742–43 (11th Cir. 2020) (holding that Florida official immunity statute functioned as an immunity from suit because it provided that "[n]o officer, employee, or agent of the state . . . shall be held personally liable in tort or named as a party defendant in any action . . .") (emphasis in original).

Because Georgia law does not expressly provide that municipalities are immune from suit for nuisance, which would directly contravene long-standing authority that municipalities are never immune from suit for nuisance,  the "immunity" Dalton Utilities claims here is, at best, merely a defense to liability. *See Midland Asphalt Corp.*, 489 U.S. at 801. As such, the order denying Dalton Utilities' motion to dismiss the nuisance-abatement claim on immunity grounds is not immediately appealable under *Cohen*.

As a practical matter, because Dalton Utilities will stand trial under the same set of facts for violating the Clean Water Act, granting an immediate appeal on the nuisance issue would not afford Dalton Utilities the protection from suit it seeks. The district court's decision is not "effectively unreviewable." Dalton will have the right to appeal a final judgment if it is found liable after trial for creating a public nuisance, just as it will have the right to appeal a judgment against it under the CWA.

9

**B.    The issue of Dalton Utilities' claimed immunity is inseparable from the merits of Plaintiff's nuisance claim.**

The collateral order doctrine also does not apply for the additional reason that the issue on appeal is not "completely separate from the merits of the action." *SmileDirectClub*, 4 F.4th at 1278. To the contrary, they are inseparable because, under Georgia law, "a municipality . . . may be liable for damages it causes to a third party from the operation or maintenance of a nuisance, irrespective of whether it is exercising a governmental or ministerial function." *Gatto*, 860 S.E.2d at 717 (quoting *City of Thomasville v. Shank*, 437 S.E.2d 306, 307 (Ga. 1993)).

Resolution of the immunity question requires a merits determination of the nuisance claim, including the numerous factual questions pertaining to, among other things: the duration of the alleged nuisance, its locations, and effects; and Dalton Utilities' knowledge of the nuisance, degree of misfeasance, and the duration and effects of the PFAS discharges. See Ex. 1, Doc. 629, at 89-90 (discussing the requirements for municipal liability for nuisance under *City of Savannah v. Palmerio*, 249 S.E.2d 224 (Ga. 1978) and *Gunnells*, 256 S.E.2d at 782). Indeed, these matters also plainly overlap with Plaintiff's CWA claims not on appeal— particularly the duration and extent of Dalton Utilities' PFAS discharges from its land application system, the high levels of pollution of the Conasauga River and

10

downstream waters, and the illegality of the discharges under the CWA.[1] *See* Doc. 418, ¶¶ 105-133.

Because these issues are not "completely separate," the collateral order doctrine cannot apply here. *See, e.g., White*, 817 F. App'x at 741-42 (no jurisdiction to hear appeal from denial of state and federal immunity because "the appellants' arguments depend on a determination of facts that they may, or may not, be able to prove at trial"); *CSX Transp.*, 153 F.3d at 1286 (noting that the "[defendant's] claim of sovereign immunity also may not be independent of the merits of the underlying action, as required under *Cohen*'s collateral order doctrine" because "[w]hether [defendant] will be entitled to sovereign immunity turns on [defendant's] actual authority to enter into the pertinent contract: an issue still to be resolved in the underlying action").

## C. Dalton Utilities fails to establish application of the collateral order doctrine.

Dalton Utilities' Notice of Appeal fails to address, let alone show, that its appeal satisfies the *Cohen* factors authorizing an immediate appeal from a non-final order. *See* Doc. 650. Instead, it states only that "the scope of sovereign immunity under Georgia law provides 'immunity from suit rather than just a defense to

---

[1] Because the legality of industrial wastewater discharges containing PFAS is a defense asserted by virtually all Defendants alleged to have made such discharges, this issue is also inseparable from the merits of Plaintiff's claims against the other Defendants. *See* Doc. 473-1, at 34-35.

11

liability.'" *Id.* at 2. (quoting *Parker v. Am. Traffic Sols., Inc*., 835 F.3d 1363, 1367 (11th Cir. 2016) and citing *Griesel*, 963 F.2d at 341; *Diverse Power, Inc. v. City of LaGrange, Georgia*, 934 F.3d 1270, 1272 n.1 (11th Cir. 2019)). But none of these cases involved the issue of municipal immunity from nuisance liability under Georgia law, which, as discussed above, is distinct from the question of state sovereign or official immunity that was at issue in *Griesel* and *Parker*.

Although a municipality claimed immunity in *Diverse Power*, that case likewise did not involve purported immunity from nuisance liability under Georgia law, but rather, state-action immunity under federal antitrust law (which has been extended to municipalities by statute). 934 F.3d at 1276 (citing O.C.G.A. § 36-65-2, which provides that cities have the same immunity as the state with respect to antitrust liability). And even if *Diverse Power* were not distinguishable, its conclusion that an order denying state-action immunity from antitrust liability is an appealable collateral order was recently abrogated by this Court in *SmileDirectClub*, 4 F.4th at 1283. (dismissing appeal for lack of jurisdiction because non-final denials of state-action immunity from federal antitrust laws do not fall within the collateral order doctrine). In so holding, *SmileDirectClub* expressly overruled its prior decision in C*ommuter Transp. Sys., Inc. v. Hillsborough Cty. Aviation Auth.*, 801 F.2d 1286, 1289-90 (11th Cir. 1986), which *Diverse Power* had exclusively relied upon. 934 F.3d at 1272, n. 1.

12

## CONCLUSION

In sum, the district's court's Order denying Dalton Utilities' motion to dismiss the nuisance claim based on immunity does not satisfy the *Cohen* factors because (1) municipal immunity from nuisance liability in Georgia, if it exists at all, functions as a defense to liability for damages, not as an immunity from suit; and (2) the question of Dalton Utilities' entitlement to municipal immunity from nuisance liability cannot be separated from the merits of the underlying claims. Accordingly, the collateral order doctrine does not apply here, and Dalton Utilities may not immediately appeal from the district court's non-final order.

Plaintiff respectfully requests that the Court dismiss the appeal for lack of jurisdiction under 28 U.S.C. § 1291, and for such other and further relief as the Court deems just and proper.

Respectfully submitted, this 2nd day of November, 2021.

*/s F. Jerome Tapley*
F. Jerome Tapley
Hirlye R. "Ryan" Lutz, III
rlutz@corywatson.com
F. Jerome Tapley
jtapley@corywatson.com
CORY WATSON, P.C.
2131 Magnolia Ave. S.
Birmingham, AL 35205

***Attorneys for Plaintiff-Appellee***

13

## **CERTIFICIATE OF COMPLIANCE**

I certify that this Motion complies with the type-volume limitations set forth

in FED. R. APP. P. and 11th Cir. Rules 27 and 32 because this Motion has been

prepared in 14-point Times New Roman font and contains 2,999 words.

*/s F. Jerome Tapley*
F. Jerome Tapley
OF COUNSEL

14

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **MOTION TO DISMISS APPEAL**

**FOR LACK OF JURISDICTION** has been filed electronically via the Court's

CM/ECF system, and served on counsel at the address below by U.S. Mail:

E. Fitzgerald Veira, Esq.
Lindsey B. Mann, Esq.
TROUTMAN PEPPER HAMILTON SANDERS LLP
600 Peachtree Street, N.E., Suite 3000
Atlanta Georgia 30308

Brooks M. Smith, Esq.
TROUTMAN PEPPER HAMILTON SANDERS LLP
1001 Haxall Point, Suite 1500
Richmond, Virginia 23219

This the 2nd day of November, 2021.

*F. Jerome Tapley*
F. Jerome Tapley
OF COUNSEL