IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 21-13663-V
_____

JARROD JOHNSON,
Individually, and on Behalf of a Class of persons
similarly situated,

                                                           Plaintiff - Appellee,

versus

3M COMPANY, et al.,

                                                           Defendants,

WATER, LIGHT, AND SINKING FUND COMMISSION
OF CITY OF DALTON,

                                                       Defendant - Appellant.
_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

ORDER:

      Counsel should be prepared to discuss these cases and questions at oral argument:

      The district court permitted Mr. Johnson to file a fourth amended complaint after Dalton Utilities filed its notice of appeal from the district court's order denying in part Dalton Utilities' motion to dismiss the third amended complaint. "As a general matter, an amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment and is no longer a part of the pleader's averments against his adversary." *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (cleaned up). And "we must ensure—up until the moment our mandate issues—that intervening events have not mooted the appeal by preventing us from granting any effectual relief whatever in favor of the appellant." *Vital Pharms., Inc. v. Alfieri*, 23 F.4th 1282, 1288 (11th Cir. 2022) (cleaned up).

      At the same time, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and

divests the district court of its control over those aspects of the case involved in the appeal." *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251 (11th Cir. 2004) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). Thus, while the district court "has authority to proceed forward with portions of the case not related to the claims on appeal," *Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003) (quotation omitted), it does not have jurisdiction over "aspects of the case involved in [this] appeal," *Blinco*, 366 F.3d at 1251.

Did the district court have jurisdiction to accept Mr. Johnson's fourth amended complaint? If the district court had jurisdiction to accept the fourth amended complaint, did the filing of the fourth amended complaint render this appeal moot? *See Wooten v. Roach*, 964 F.3d 395, 403–04 (5th Cir. 2020); *May v. Sheahan*, 226 F.3d 876, 879–81 (7th Cir. 2000); *Adamou v. Doyle*, 674 F. App'x 50, 52 (2d Cir. 2017) (unpublished); *see also Stewart v. Donges*, 915 F.2d 572, 576 (10th Cir. 1990).

DAVID J. SMITH
Clerk of the United States Court of
Appeals for the Eleventh Circuit

ENTERED FOR THE COURT - BY DIRECTION